CASANUEVA, Judge.
Curtis Boyd timely appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Boyd alleges ineffective assistance of trial counsel based on three grounds. We affirm without discussion on the first two grounds but reverse and remand for further proceedings on the third ground.
Boyd pleaded guilty to one count of robbery and one count of carjacking in Hillsborough County. The court sentenced him to twenty years in prison, with a ten-year minimum mandatory for the use of a firearm, on each count. The court ordered the sentences to run concurrently with each other and with another sentence in Sumter County.
In his motion, Boyd claims that his trial counsel informed him that his Hillsbor-ough sentences would have to run consecutively with the Sumter sentence if he chose to go to trial on the Hillsborough charges. He claims that if it were not for this erroneous advice, he would have chosen to proceed to trial on the Hillsborough charges. The trial court denied this claim, finding that it contradicts his plea agreement, which “states clearly that the charges are to run concurrent with the Sumter County charge.” Boyd’s plea form, which acknowledges that his sentences are to run concurrently with each other and the Sumter County case, does not conclusively refute Boyd’s claim that his attorney told him that if he proceeded to trial, the trial court would be required to impose consecutive sentences. The plea form only confirms that Boyd received concurrent sentences due to his plea. It does not address what Boyd’s trial counsel told him regarding the sentence that would be imposed if he were convicted at trial. Accordingly, we reverse and remand for further proceedings.
Affirmed in part; reversed in part; and remanded.
FULMER and COVINGTON, JJ., Concur.